```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA      :
        Plaintiff             :
                              :
                              :
        v.                    :   CRIMINAL NO. 1:CR-02-089-01
                              :
                              :
ROBERT ERVIN,                 :
        Defendant             :
```

*M E M O R A N D U M*

I.   *Introduction*

Defendant, Robert Ervin, has filed a motion for reduction of his sentence under 18 U.S.C. § 3582(c) pursuant to Amendment 706 to the sentencing guidelines. The government opposes the motion, arguing that the amendment does not apply to Defendant because it does not have the required effect of lowering his applicable guideline range. The probation office has submitted an addendum to the presentence report opining that Defendant is not entitled to a reduction in his sentence for the same reason.

We agree with the government and the probation office and will therefore deny the motion.

II.   *Background*

On July 18, 2002, Defendant executed a written plea agreement in which he agreed to plead guilty to a superseding information charging him with conspiracy to distribute crack cocaine. The plea agreement specified that the statutory maximum sentence for the offense would be 240 months. (Plea agreement ¶ 1). *See* 21 U.S.C. § 841(b)(1)(c). In turn, the government agreed to recommend a three-level reduction in his offense level for acceptance of responsibility if warranted and to file a motion for downward departure under U.S.S.G. § 5K1.1 if it believed Defendant had provided substantial assistance. (Plea agreement ¶ 12). On July 23, 2002, Defendant pled guilty.

A presentence report (PSR) was prepared. Defendant's crack-cocaine quantity was established at 1.0092 kilograms, giving him a base offense level of 36.[1] (PSR ¶ 27). The base offense level was increased by two levels under U.S.S.G. § 2D1.1(b)(1) for the involvement of firearms in the offense, two levels under U.S.S.G. § 3B1.1(c) for Defendant's role in the offense as organizer, leader and manager, and two levels under U.S.S.G. § 3C1.1 for obstruction of justice. This gave Defendant an adjusted offense level of 42. Three points were subtracted

---

[1] At that time, section 2D1.1(c) provided a base offense level of 36 for crack-cocaine offenses involving at least 500 grams but less than 1.5 kilograms of crack.

from this level for acceptance of responsibility under U.S.S.G. § 3E1.1(a)(2002) and § 3E1.1(b)(1) and (2)(2002), resulting in a total offense level of 39. Defendant's criminal history category was III. Defendant's guideline range was therefore 324 to 405 months.

On December 20, 2002, Defendant was sentenced. He had filed objections to the three upward adjustments in his offense level for the use of firearms, his role in the offense, and obstruction of justice, but withdrew them because his maximum sentence was 240 months, the statutory maximum recognized in his plea agreement. The government moved for a downward departure under U.S.S.G. § 5K1.1 based on Defendant's substantial assistance, specifically recommending a thirty-five percent departure. We granted the government's motion and sentenced Defendant to 156 months' imprisonment.

The probation office's addendum to the PSR calculates Defendant's amended guideline range under Amendment 706. His base offense level for his drug quantity is reduced from 36 to 34, in accord with the amendment's modification of section 2D1.1(c). With all the other guidelines applications remaining unaffected, this gives Defendant a total offense level of 37. Combined with the same criminal history category of III, the resulting guideline is 262 to 327 months, lower than the

original range, but still higher than the 240-month statutory maximum sentence specified in the plea agreement.

III. *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering

4

the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*Id.*, § 1B1.10(b)(1). The court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." *Id.*, § 1B1.10(b)(2)(A). However, in pertinent part, if the defendant had been sentenced to a term of imprisonment "less than the term of imprisonment provided by" his guideline range at the time of the original sentencing, "a reduction comparably less than the amended guideline range determined under [§ 1B1.10(b)(1)] may be appropriate." *Id.*, § 1B1.10(b)(2)(B).

Defendant presents evidence that he has serious health problems. In his motion, he assumes that because of these health problems, the government will not object if his amended

guideline range were not calculated using the three two-level upward adjustments. He therefore proceeds from a base offense level of 34. Subtracting three levels for acceptance of responsibility gives a total offense level of 31. With a criminal history category of III, Defendant's amended guideline range, under this approach, would be 135 to 168 months. A downward departure corresponding to the thirty-five percent reduction we granted on the original sentence would produce a sentencing range of about 88 to 110 months. In his motion, Defendant also requests that we consider his health problems in resentencing him.

In its opposition, the government does not concede that the upward adjustments should be ignored. Reaching the same result as the probation office, it argues that Defendant is not entitled to a reduction because Amendment 706 does not lower his applicable guideline range, as required by section 1B1.10(a)(2)(B). Under the amendment, while the amended guideline range is lower than the original guideline range, it is still higher than the 240-month statutory maximum sentence recognized and agreed to in the plea agreement. (That 240-month sentence represents Defendant's guideline sentence pursuant to U.S.S.G. § 5G1.1(a).)

We cannot calculate Defendant's amended guideline using the approach from his motion, which omits the three

upward adjustments from the offense calculation. Section 1B1.10(b)(1) requires us to insert only Amendment 706 into the guideline calculation and "leave all other guideline application decisions unaffected," which means that the upward adjustments remain. Consequently, Defendant is not entitled to a sentence reduction because the amendment does not have the effect of lowering his applicable guideline range; the amended guideline range is 262 to 327 months, lower than the original range, but still higher than the 240-month statutory maximum sentence, which represents his real guideline "range."

In his memorandum in support of a sentence reduction, Defendant argues that he qualifies for a reduction because all he has to show is that the amended guideline range is lower than the original guideline range, meaning that he qualifies for a reduction because the amended guideline range is 262 to 327 months and the original guideline range was 324 to 405 months. In this view, it is irrelevant that his sentence was ultimately established by his statutory maximum.

We disagree. As noted, under U.S.S.G. § 5G1.1(a) Defendant's guideline sentence became his statutory maximum. This is the relevant guideline calculation, and Amendment 706 does not affect it.

Defendant complains that a rejection of his position will punish defendants who, like he, had received downward

departures because of substantial assistance by disqualifying them from the benefit of Amendment 706. This position overlooks the fact that under section 1B1.10(b)(2)(B), if the original sentence imposed had been less than the original guideline range, we could have imposed an amended sentence "comparably less than the amended guideline range." However, before we could have done so, the amended guideline range must first have been shown to have been less than the applicable guideline range. As noted, Defendant did not do so, as his applicable guideline "range" was Defendant's statutory maximum.

Defendant argues that his case is just like *United States v. Spurlock*, No. 02-CR-187, 2008 WL 1805750 (M.D. Pa. April 18, 2008)(Caldwell, J.), where we granted a sentence reduction under Amendment 706. We disagree. Defendant highlights the similarities. Both defendants agreed to plead guilty to a crack-cocaine trafficking charge. Both plea agreements specified that the statutory maximum sentence for the offense would be 240 months. Both defendants had guideline ranges higher than the 240-month statutory maximum. And both defendants received a reduction in their sentence for substantial assistance. However, the cases differ in the only significant way; unlike here, Spurlock showed that his amended guideline range was less than the applicable guideline sentence of 240 months. 2008 WL 1805750, at *5 (amended guideline range was 235 to 293 months,

with the low end of the range being less than the 240-month statutory maximum).

Since Defendant is ineligible for a reduction, we do not consider whether his health could have been a factor in the size of any reduction. We cannot consider health alone as we lack the authority to modify a sentence at any time. *See United States v. Smith*, 438 F.3d 796, 800 (7th Cir. 2006)(cited in *United States v. Higgs*, 504 F.3d 456, 464 (3d Cir. 2007)); *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005); *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 10, 2008

```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :
          Plaintiff            :
                               :
                               :
          v.                   :   CRIMINAL NO. 1:CR-02-089-01
                               :
                               :
ROBERT ERVIN,                  :
          Defendant            :
```

*O R D E R*

AND NOW, this 10th day of June, 2008, consistent with the accompanying memorandum, it is ordered that Defendant's motion (doc. 101) pursuant to 18 U.S.C. § 3582(c)(2) for a sentence reduction is denied.

>                          /s/William W. Caldwell
>                          William W. Caldwell
>                          United States District Judge